43 F.3d 1468
+
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Truitt A. SEGERS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1518.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1994.
Decided Nov. 29, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Paul Trevor Sharp, Magistrate Judge. (CA-93-126)
 Truitt A. Segers, appellant pro se.
 Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Truitt Segers appeals the district court's order upholding the decision by the Secretary of Health and Human Services (Secretary) that Segers was not disabled under the social security laws. Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Segers was born on May 10, 1947. A high school graduate, he has completed two years of college. Past relevant work experience includes work as a kitchen helper/dishwasher, tire changer, laborer, and truck driver.
 
 
 3
 Although Segers alleged disability due to arthritis, physical examinations have revealed nothing more than an osteochondroma of the right femur, for which no treatment was recommended, and mild degenerative disc disease with essentially negative findings on clinical examination. The musculoskeletal specialists who have treated Segers have recommended no limitations on his activities other than that he exercise care when he experiences back strain. Doctors who have examined Segers for his complaints of back and joint pain have recommended exercise and analgesics. Segers stated at a hearing before an administrative law judge in 1990 that he had taken no pain medication in the past year.
 
 
 4
 The ALJ determined that Segers' complaints of disabling back pain were not credible. As support for this finding, the ALJ referred to the lack of objective findings, the infrequency with which Segers takes relatively mild pain medication, the significant gaps between visits to doctors seeking treatment for pain, and Segers' daily activities, which include performing his own housework, cooking, yard work, and grocery shopping. We will not disturb this properly supported credibility determination. See Mickles v. Shalala, 23 F.3d 918, 921 (4th Cir.1994); Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir.1984).
 
 
 5
 Segers has open angle glaucoma, which was diagnosed in 1989. This slight impairment, which is treated with medication, does not interfere with Segers' ability to work. See 20 C.F.R. Sec. 404.1521 (1993); Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984).
 
 
 6
 Segers suffers from a personality disorder that causes slight to moderate limitation in activities of daily living and social functioning. The disorder limits him to simple, routine, repetitive work.
 
 
 7
 The ALJ found that Segers was not disabled from his past relevant work as a kitchen helper/dishwasher. After examining the administrative record, we conclude that substantial evidence supports this finding. Accordingly, we affirm the decision of the district court.
 
 
 8
 As our review of the record and other materials before us reveals that it would not aid the decisional process, we dispense with oral argument.
 
 AFFIRMED