43 F.3d 1468
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Julius M. CHURCH, Defendant-Appellant.
 No. 94-5239.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1994.
Submitted: November 22, 1994.
Decided: December 9, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Irene M. Keeley, District Judge. (CR-92-207)
 Rocco E. Mazzei, Clarksburg, West Virginia, for Appellant.
 William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Julius M. Church pled guilty to aiding and abetting in the possession of crack with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988), and was sentenced to a term of 110 months imprisonment. He appeals his sentence, contending that the district court clearly erred when it enhanced his sentence for possession of a firearm during the offense, United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(b)(1) (Nov.1993), and in refusing to depart for overstated criminal history. USSG Sec. 4A1.3. We affirm in part and dismiss in part.
 
 
 2
 The uncontroverted evidence before the sentencing court was that on November 2, 1991, Church and four friends drove from Clarksburg, West Virginia, to Pittsburgh, Pennsylvania, to buy crack cocaine. The driver of the car, David Wilkinson, was a confidential informant. On the way, Church and Deon Brewer decided to pool their money and buy crack together. In Pittsburgh, Church, Deon Brewer, and his brother Charles Brewer, went looking for crack while Wilkinson and Adam Bailey waited in the car. Church and Deon Brewer bought half an ounce of crack. On the return trip, Wilkinson was stopped for speeding. He consented to a search of the car, which disclosed 11.55 grams of crack and a .22 caliber pistol, both pushed between the seat cushions in the back of the car where Church and Deon Brewer had been riding.
 
 
 3
 In his statement to the probation officer after his guilty plea, Church said that he had been selling crack with Charles Brewer for a week before the trip to Pittsburgh. He said Charles took an automatic pistol to Pittsburgh, but left it there, and that the firearm found in the car was Deon's. Church later objected to the probation officer's recommendation for a two-level enhancement under guideline section 2D1.1(b)(1), asserting that it was not reasonably foreseeable to him that Deon Brewer would bring a gun, and that the presence of the pistol was not within the scope of his agreement or in furtherance of the joint criminal activity.
 
 
 4
 Church submitted affidavits from the other passengers to the sentencing court in support of his objection. At sentencing, Church submitted affidavits from the Brewers, Bailey, and Wilkinson in support of his objection to the weapon enhancement. Deon Brewer stated in his affidavit that he found a .22 or .25 caliber derringer outside the Vets Club the day before the trip to Pittsburgh, and showed it to John Hairston before they left. He said he showed the gun to everyone in the car on the way to Pittsburgh. Deon also stated that Church had the same type of gun, but did not have it with him. Charles Brewer stated that there were two guns in the car when they left Clarksburg. One was his; he did not know who owned the other.
 
 
 5
 Wilkinson made no mention of weapons in his affidavit. Bailey stated that a man was trying to sell a derringer outside the Vets Club before they left for Pittsburgh. He said Charles and Deon Brewer talked to the man, and later the gun was passed around in the club. He said the last person he saw with the gun was Deon Brewer, but that he saw no guns in the car on the way to Pittsburgh.
 
 
 6
 Church chose not to testify in the sentencing hearing. His attorney proffered that Church would have said that, when he realized the Brewers had guns with them, he insisted that they get rid of the weapons, and that Charles Brewer complied, but Deon Brewer retained his pistol on the return trip without Church's knowledge.
 
 
 7
 After reviewing the affidavits, the district court decided that a preponderance of the evidence showed that Church knew Deon Brewer had a gun in his possession at the Vets Club, and that it was foreseeable that Deon would bring it when he went to Pittsburgh, a high crime area, to make a drug purchase. The court also found that, if Church demanded that the guns be removed when he discovered their presence, the guns were probably connected with the drug offense. The court found that Church had the burden of showing that the guns were unconnected with the offense, and that he had not done so.
 
 
 8
 The enhancement for possession of a firearm during a drug offense should be made if the gun is present, unless it is clearly improbable that it is connected to the offense. USSG Sec. 2D1.1, comment. (n.3). The applicability of specific offense characteristics under Chapter Two of the guidelines is determined on the basis of relevant conduct. USSG Sec. 1B1.3(a). When the defendant engages in a jointly undertaken criminal activity, he is accountable for the acts of others that were (1) in furtherance of the jointly undertaken criminal activity, and (2) reasonably foreseeable in connection with that activity. USSG Sec. 1B1.3(a)(1)(B). Thus, to determine the defendant's accountability for the conduct of others acting in concert, the district court must first determine the scope of the criminal activity the defendant agreed to undertake. USSG Sec. 1B1.3, comment. (n.2). The court's fact findings on sentencing issues are reviewed for clear error. United States v. Nelson, 6 F.3d 1049, 1057-58 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994).
 
 
 9
 Church asserts on appeal that the presence of one or more firearms was neither within the scope of his agreement nor reasonably foreseeable to him. The district court did not make a specific ruling on the scope of Church's agreement. However, the court found as a fact that Church knew Deon Brewer had a gun at the Vet's Club and that Church knew or could foresee that Deon would bring the gun to Pittsburgh. Thus, the court in effect found that Church agreed to the presence of guns on the trip.
 
 
 10
 The implicit finding on the scope of Church's agreement was not clearly erroneous because the only "evidence" that Church's agreement did not include the presence of firearms was his proffer that he would testify (but did not) that he told the Brewers to abandon their guns when he learned the guns were in the car. His assertion is undercut by all the actual evidence. In his own statement, he related the fact that both Charles and Deon had guns on the trip, and that Charles left his in Pittsburgh. Church did not mention that he asked either of the Brewers to remove their guns from his presence. Nor did any of the others state in their affidavits that this occurred. On the contrary, Deon Brewer stated that Church himself had a similar gun. The court's finding on foreseeability was supported by the statements of Deon Brewer and Adam Bailey and was not clearly erroneous. Therefore, the enhancement was properly made.
 
 
 11
 Church also maintains that the district court erred in finding that criminal history category VI did not overstate his past criminal conduct and refusing to depart under guideline section 4A1.3. We lack jurisdiction to review the court's decision. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 12
 We therefore affirm the sentence imposed. That portion of the appeal which contests the district court's refusal to depart is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART