43 F.3d 1468
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos CEBALLOS, Defendant-Appellant.
 No. 94-5293.
 United States Court of Appeals, Fourth Circuit.
 Dec. 13, 1994.
Submitted: November 17, 1994.
Decided: December 13, 1994.
 
 G. Alan Dubois, Assistant Federal Public Defender, Raleigh, NC, for Appellant. Mark T. Calloway, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carlos Ceballos appeals the 97-month sentence he received following his guilty plea to conspiracy to possess with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994). He contends that the district court clearly erred in enhancing his base offense level for possession of a weapon during a drug offense, USSG Sec. 2D1.1(b)(1),* and also erred in failing to make the findings necessary to support the enhancement. We affirm.
 
 
 2
 On information from a confidential informant, state law enforcement officers stopped Thaddus Benton's vehicle near Hickory, North Carolina. After fleeing briefly, Benton admitted that he had discarded one gram of cocaine and consented to a search of his house, where 31.5 grams of crack and three firearms were found. Benton informed the officers that his source was his brother-in-law, Eddie Patterson. He also said Patterson bought a kilogram of crack cocaine every month from "Carlos," who came from New York to deliver the crack. Benton thought Carlos might be at Patterson's house.
 
 
 3
 Late the same night, Patterson consented to a search of his house. Authorities found Carlos Ceballos, his wife, and their two children sleeping in a bedroom of Patterson's house. Ceballos' wife's purse contained 41.9 grams of crack, and a .38 caliber revolver was under the cushions on which Ceballos was sleeping.
 
 
 4
 The probation officer recommended an enhancement for possession of a firearm. Ceballos objected, asserting that there was no evidence that the gun was his or was connected to him. The probation officer responded that the enhancement was warranted because of the proximity of the firearm and the drugs.
 
 
 5
 At sentencing, after arguing successfully for a reduction in the amount of crack attributable to Ceballos, defense counsel renewed the objection to the weapon enhancement "for the record," but presented no evidence. The district court summarily ruled on the objection, stating "[Y]ou don't have much hope on that one." The court made the two-level enhancement, and then sentenced Ceballos consistent with the probation officer's recommendations apart from the drug amount. The court's "Statement of Reasons," the final page of the judgment and commitment order, states that the court adopted the factual findings and guideline applications in the presentence report with the exception of the amount of crack, which was reduced.
 
 
 6
 First, we find that the district court did not clearly err in enhancing the base offense level for possession of a weapon. The enhancement should be made if a weapon is present during the offense, unless it is clearly improbable that the weapon is connected to the offense. USSG Sec. 2D1.1, comment. (n. 2). A weapon is possessed within the meaning of the guideline when it is present in a place where a drug conspiracy is carried on or furthered. United States v. Apple, 962 F.2d 335, 338 (4th Cir.1992) (Apple II ). These conditions were met here, even if the firearm did not belong to Ceballos.
 
 
 7
 Following as it did the probation officer's response to Ceballos' objection, the district court's resolution of the disputed issue, while cursory, was adequate to comply with Fed.R.Crim.P. 32(c)(3)(D). See United States v. Walker, 29 F.3d 908, 911-13 (4th Cir.1994). The reasons for the court's ruling were clear, and a remand would serve no purpose.
 
 
 8
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)