43 F.3d 1468
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. REED, Petitioner,
v.
TRIPLE S ENERGY; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 93-2026.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 23, 1993.
Decided Dec. 14, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-1218-BLA)
 C. Randall Lowe, Yeary, Tate, Lowe & Rowlett, P.C., Abingdon, VA, for petitioner. Mark E. Solomons, Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Reed, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. On appeal, Reed challenges the ALJ's length of coal mine employment finding, and his findings of no pneumoconiosis and no total disability. We agree with the Board's determination that the ALJ's finding that Reed failed to establish a totally disabling respiratory or pulmonary impairment is supported by substantial evidence, see Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984), rendering the remaining issues moot.
 
 
 2
 The record contains no objective evidence of a disabling impairment. All the pulmonary function studies and blood gas studies of record produced non-qualifying values under the regulations. See 20 C.F.R. Sec. 718.204(c)(1) & (2) (1992). Dr. Kanwal's finding of a disabling impairment represented the only positive evidence of total disability in the record. While his report notes that he performed objective studies, and took into consideration the miner's physical examination and work and medical histories, it does not explain how any of this evidence supports his finding of a totally disabling respiratory impairment.
 
 
 3
 The ALJ could properly reject Dr. Kanwal's report on the ground that he failed to explain the basis for his conclusion. See Belcher v. Director, Office of Workers' Compensation Programs, 895 F.2d 244, 247 (6th Cir.1989). We note that this conclusion would not change even if, as Reed contends on appeal, Dr. Kanwal was his treating physician. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1097 (4th Cir.1993). We find, however, no support for this contention in the record.
 
 
 4
 We note that Reed's inability to establish a totally disabling respiratory or pulmonary impairment renders him ineligible for the presumption at 20 C.F.R. Sec. 718.305(a)(1992). Hence, the ALJ's finding that Reed lacked sufficient coal mine employment to qualify for that presumption is moot. Moreover, Reed's failure to establish total disability precludes his entitlement to benefits. See Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990).
 
 
 5
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.