43 F.3d 1468
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pete W. STOLLINGS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 94-1640.
 United States Court of Appeals, Fourth Circuit.
 Argued October 31, 1994.
Decided December 15, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (93-2527-BLA)
 ARGUED: Roger Daniel Forman, Forman & Crane, L.C., Charleston, WV, for petitioner. Elizabeth Ann Goodman, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent. ON BRIEF: Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Christian P. Barber, Counsel for Appellate Litigation, Jill M. Otte, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 
 
 1
 Ben.Rev.Bd.
 
 
 2
 AFFIRMED.
 
 
 3
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 PER CURIAM
 
 4
 Pete W. Stollings was awarded benefits under the Black Lung Benefits Act by Administrative Law Judge (ALJ) Edith Barnett in a decision and order issued May 18, 1993. On May 25, 1993, Stollings' counsel, Roger D. Forman, filed a petition for attorney's fees in the amount of $4,875.00, representing 19.5 hours of legal work compensated at the rate of $250.00 per hour, and $381.43 in miscellaneous expenses. The Director, Office of Workers' Compensation Programs objected to the hourly rate.
 
 
 5
 The ALJ rejected the Director's objections and awarded Forman the total requested fee. The ALJ found that Forman's hourly rate of $250.00 was permissibly calculated by incorporating a risk factor into a base rate of $125.00 per hour. The Director appealed the ALJ's decision to the Benefits Review Board which modified the ALJ's attorney's fee award. The Benefits Review Board fixed Forman's lodestar fee amount at $2,437.50, representing 19.5 hours of legal services compensated at the rate of $125.00 per hour, plus $381.43 in miscellaneous expenses.
 
 
 6
 The Benefits Review Board found that Forman had increased his base hourly rate of $125.00 by a contingency multiplier of 2, achieving the same result he would have, had he improperly multiplied his lodestar fee by a factor of 2. The Benefits Review Board held such a contingency enhancement of the base hourly rate violated the principles set forth by the United States Supreme Court in City of Burlington v. Dague, 112 S.Ct. 2638 (1992), and by this Court in Broyles v. Director, OWCP, 974 F.2d 508 (4th Cir.1992).* Specifically, in Broyles, this Court prohibited the use of contingency multipliers to compensate attorneys for the risk of loss in claims arising under the Black Lung Benefits Act. Broyles, 974 F.2d at 509. Since we expressly rejected the increase of hourly rates based on the risk of loss in Broyles, the ALJ erred in its assessment and the Benefits Review Board's decision must be affirmed.
 
 AFFIRMED
 
 
 *
 Forman argues that this Court's decision in Broyles is wrong and should be overruled. However, Broyles was based upon a clear interpretation of the Supreme Court's decision in Dague, and this panel finds no reason to suggest that it be overturned