43 F.3d 1468
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
John M. KENNEDY; Gary Dixon; James Taylor, Manager;
Custodian Jones, Defendants-Appellees.
 No. 94-6450.
 United States Court of Appeals, Fourth Circuit.
 Submitted November 17, 1994.
Decided December 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-94-3)
 Cornelius Tucker, Jr., appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Cornelius Tucker appeals from the district court's order denying his motion for leave to file a 42 U.S.C. Sec. 1983 (1988) complaint. Under the terms of a pre-filing injunction entered in the Eastern District of North Carolina, Tucker was required to seek leave from the court before filing any Sec. 1983 claims. In this case, the district court denied the motion to file his complaint pursuant to the pre-filing injunction and denied Tucker's Fed.R.Civ.P. 59 motion to vacate the judgment. The district court noted that Tucker had failed to state a "non-frivolous claim."
 
 
 2
 This Court has held invalid the pre-filing injunction at issue in this appeal. Tucker v. Seiber, No. 93-7239 (4th Cir. Mar. 2, 1994) (unpublished). This holding renders erroneous the order which enforces the pre-filing injunction's terms.* Consequently, we vacate the order denying leave to file the complaint and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 We note that Tucker may have stated a non-frivolous claim of denial of access to the courts. See McCray v. Maryland, 456 F.2d 1, 5-6 (4th Cir.1972); see also White v. White, 886 F.2d 721, 724 (4th Cir.1989)