43 F.3d 1468
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Opal Ruth ELDRIDGE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Pearl ELDRIDGE, Defendant-Appellant.
 Nos. 94-5226, 94-5227.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 22, 1994.
Decided: December 21, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-93-20)
 Hope Dene Harris, Abingdon, Virginia; Dennis E. Jones, Lebanon, Virginia, for Appellants.
 Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Fred Pearl Eldridge and Opal Ruth Eldridge, husband and wife, each pled guilty to conspiracy to commit offenses against the United States, 18 U.S.C. Sec. 371 (1988). Specifically, they conspired to possess stolen mail, to pass forged Treasury checks, and to launder the proceeds of their criminal activity. Opal also pled guilty to four counts and Fred pled guilty to five counts of possessing stolen mail, 18 U.S.C. Sec. 1708 (1988). They each pled guilty to three counts of passing forged Treasury checks, 18 U.S.C.A. Sec. 510(a) (West Supp.1994), and to a count of criminal forfeiture, 18 U.S.C.A. Sec. 982 (West Supp.1994). They appeal the district court's denial of their motions to withdraw their guilty pleas and to suspend the sale of property subject to forfeiture. Opal claims that the district court departed above her guideline range without prior notice. Fred appeals the district court's decision to depart upward under guideline section 4A1.3.[1] We affirm.
 
 
 2
 In late November 1992, Fred Eldridge walked away from a work release program in Tennessee. A month later, Opal Eldridge absconded from parole in Tennessee. Between December 1992 and May 1993, the Eldridges stole from the United States mail and negotiated at least 100 checks totaling $44,958. After their arrest in May 1993, a search of their house in Tennessee revealed 94 blank K-Mart identification cards, some with pictures of Fred and Opal Eldridge attached, inkpads used to imprint fingerprints on the back of the cards, and social security cards, check cashing photo identifications, a North Carolina driver's license, and an American Express card, all in different names.
 
 
 3
 On the day the Eldridges entered their pleas, $13,310 in cash was found hidden in four used glass lamps which had been excepted at their request from the list of items subject to forfeiture. They subsequently agreed to forfeit the cash. Shortly after the Fed.R.Crim.P. 11 hearing at which they pled guilty, the Eldridges moved to withdraw their pleas, alleging ineffective assistance of counsel. After a hearing, the district court permitted their attorneys to withdraw and appointed new counsel. Thereafter, the Eldridges sought to stay the sale of the property subject to forfeiture. At a second hearing, the district court denied the Eldridges' motions to withdraw their guilty pleas and denied a suspension of the sale.
 
 
 4
 On appeal, the Eldridges contend that their guilty pleas were involuntary due to ineffective assistance, and that the district court violated Rule 11 by failing to determine that the pleas were voluntary before accepting them. The record below discloses, however, that at the Rule 11 hearing Fred and Opal Eldridge each assured the court that they were entirely satisfied with their attorneys and were entering their pleas freely and voluntarily, and not as a result of threats or promises outside the plea agreement. No violation of Rule 11 is discernible on the part of the district court.
 
 
 5
 Opal Eldridge maintains that the district court erred in failing to give her notice of a possible departure above the guideline range. Even if the court had eventually departed when sentencing her, it was not required to give notice of a possible departure before accepting her guilty plea. See Burns v. United States, 501 U.S. 129, 138 (1991) (notice may be given in presentence report or government presentencing submission). In this case, however, the court never departed. It gave Mrs. Eldridge an adjustment for obstruction of justice, under guideline section 3C1.1, for conduct which occurred during the sentencing hearing. No prior notice was required.
 
 
 6
 The Eldridges next argue that the district court rejected their plea agreements and therefore erred in denying them leave to withdraw their guilty pleas. A defendant seeking to withdraw a guilty plea before sentencing must show a fair and just reason supporting his request for withdrawal. United States v. Lambey, 974 F.2d 1389, 1393-94 (4th Cir.1992), petition for cert. filed, Sept. 14, 1994 (No. 94-6055). The court's departure above the guideline range in sentencing Fred Eldridge and its enhancement of Opal Eldridge's sentence for obstruction of justice are chiefly cited by the Eldridges as evidence that the court rejected their plea agreements and permitted the government to disregard the terms of the agreements.
 
 
 7
 In fact, although the court did not state in so many words that it was accepting the Eldridge's plea agreements, it did accept them. Moreover, Fred's agreement acknowledged that the government reserved the right to argue for an upward departure. No breach occurred when the government argued for a departure and the court decided to depart. Both plea agreements stated that sentencing was ultimately a matter within the discretion of the district court. The Eldridges have advanced no ground on which we could find that the district court abused its discretion in denying them leave to withdraw their guilty pleas.[2] For this reason, denial of a stay of the forfeiture sale was not error.
 
 
 8
 Opal Eldridge also maintains that the district court failed to specify the reasons for its upward "departure" based on her obstruction of justice at the sentencing hearing. Opal objected to three criminal history points assigned for a two-year sentence imposed in 1991 on a forgery conviction; she claimed the sentence should not be counted because she had not been represented by counsel. The probation officer was delegated to check into the matter while the hearing continued. Just before he reported that Mrs. Eldridge had indeed had representation during the forgery conviction, she told that district court that she had been mistaken, and had meant to say she lacked representation on two 1991 convictions for driving under the influence. The probation officer obtained faxes of the state records in those cases which showed that she had been represented in both those cases as well.
 
 
 9
 Because of these misrepresentations, the district court found that Opal Eldridge had attempted to mislead the court, and accordingly made the adjustment for obstruction of justice. The court's ruling left no doubt about the reason for the enhancement, and the court did not clearly err in finding that Mrs. Eldridge obstructed justice by providing materially false information to the court. USSG Sec. 3C1.1, comment. (n.1(f)).
 
 
 10
 Finally, Fred Eldridge contends that in sentencing him by departing upward under guideline section 4A1.3 the district court erred in two ways. First, he argues that the court failed to explain adequately the reason for the departure. See United States v. Rusher, 966 F.2d 868, 882 (4th Cir.) (statement of reasons for departure necessary for appellate review), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). We find no error. Fred Eldridge had thirty-six criminal history points, twentythree more than needed to place him in category VI. In this circumstance, the Sentencing Commission has authorized an upward departure if it is warranted by the seriousness of the defendant's prior record or the likelihood of recidivism; however, the court may not simply look to the number of criminal history points the defendant has accumulated. USSG Sec. 4A1.3 & comment. The district court noted that Eldridge had several convictions for escape and that his record was "chronic and excessive" and recidivist. Eldridge's record includes four escape convictions and numerous convictions for breaking and entering, larceny, burglary, and fraud of various kinds. He has been constantly involved in criminal activity since the age of sixteen. We find that the court's explanation was adequate to permit review of the departure.
 
 
 11
 Second, Fred Eldridge maintains that the court failed to comply with Rusher in that it departed from offense level thirteen to offense level twenty without explaining why each intervening offense level was inadequate. Again we find no error. The district followed the procedure set out in United States v. Cash, 983 F.2d 558, 561 n. 6 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993), by adding an additional offense level for each set of three "extra" criminal history points. It is clear that the court considered the intervening offense levels inadequate because they did not account for Eldridge's total criminal history score.
 
 
 12
 We therefore affirm the district court's orders denying the Eldridge's motions to withdraw their guilty pleas and to suspend the sale of their forfeited property. The sentences imposed are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 In the district court, the Eldridges did not claim that their plea agreements had been rejected or breached. They each sought to withdraw their pleas by alleging that their respective attorneys had pressured them into pleading guilty against their will, had failed to explore possible defenses, and had misrepresented the probable length of their sentences. The district court found none of these allegations credible in light of their representations during the Rule 11 hearing